**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DUQUAN A. SMILEY, #Y52842, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 23-cv-01115-SMY** |
| | ) | |
| MEDICAL NURSE 1 | ) | |
| and MEDICAL NURSE 2, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DuQuan Smiley, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Menard Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for constitutional violations stemming from allegedly inadequate medical care at Menard. The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-9): Plaintiff experienced symptoms of an infection at Menard beginning in September 2022, when he noticed a burning sensation while urinating. As the infection worsened, Plaintiff suffered from increased pain and discomfort that interfered with his daily activities. He submitted numerous requests for medical treatment. *Id*. at 7.

Plaintiff first met with medical staff about the issue on September 7, 2022. At this appointment, he provided a urine sample but received no results of diagnostic testing. Plaintiff periodically submitted written inquiries about the status of his urine test, but his requests for a

diagnosis and treatment were ignored.   Approximately 83 days later, Plaintiff was given medication for an unknown infection on November 27, 2022.  He took the medication twice daily for the next 10 days, but his condition did not improve.  He submitted written requests for treatment of his ongoing symptoms.  *Id*.

Plaintiff was seen again on December 8, 2022.  He provided a second urine sample at this appointment, but he was not informed of the test results.  He submitted another request for treatment on December 20, 2022.  *Id*.

Plaintiff was seen again on December 24, 2022.  He provided a third urine sample at the appointment.  Once again, he was given no results and no further treatment.  *Id*.

When Plaintiff put in another request for treatment on January 10, 2023, he was seen by a medical doctor the next day.  Plaintiff reported the history of his symptoms and his ineffective treatment with prescription medication, and the doctor explained that the staff "assumed" he had a urinary tract infection.  Plaintiff then realized that none of his urine samples were actually tested. By this time, he began to suffer from painful knots in his stomach, near an incision, as a result of his untreated medical condition.  The doctor recommended Tylenol for pain.  He took a fourth urine sample and indicated that a fifth sample would be taken in several weeks.  *Id*. at 8.

Plaintiff submitted three grievances, and two were deemed to be emergencies.  However, no action was taken to address his medical needs.  When Plaintiff attempted to appeal the grievances by sending legal mail to Springfield, his mail was opened by Menard's staff and never addressed.  *Id*. at 9.  After providing a fifth urine sample, Plaintiff was finally prescribed a two-week course of antibiotics for treatment of a urinary tract infection or kidney infection with Cipro on February 24, 2023.  He requested a full physical and was ignored.  *Id*.

**Discussion**

Based on the allegations in the *pro se* Complaint, the Court designates the following claim:

Count 1:       Eighth Amendment claim against Defendants for their deliberate indifference to Plaintiff's urinary tract infection or kidney infection at Menard from September 2022 until February 2023.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

To state a viable Eighth Amendment claim for the denial of medical care, a plaintiff must describe: (a) a serious medical need (an objective standard) such as one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person; and (b) deliberate indifference (a subjective standard) on the part of each defendant which occurs when a defendant "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Here, Plaintiff's alleged ongoing infection and related pain satisfy the objective component at screening.  However, Plaintiff sets forth no allegations of deliberate indifference against the two unknown defendants: Medical Nurses #1 and #2.  In fact, Plaintiff does not mention these defendants in his statement of the claim.  Section 1983 liability hinges on personal involvement in a constitutional deprivation.  *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Therefore, Plaintiff must briefly describe what role each defendant played in the denial of his medical care, if he intends to proceed with a claim of deliberate indifference against either one. As such, Count 1 does not survive preliminary review under 28 U.S.C. § 1915A.

For the foregoing reasons, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff will be given an opportunity to file an

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

amended complaint.  He is **WARNED** that failure to comply with the deadline and instructions for amending his complaint, below, shall result in dismissal of the action.  *See* FED. R. CIV. P. 41.

### Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim in Count 1 against Medical Nurse #1 or Medical Nurse #2.   **BOTH DEFENDANTS** are **DISMISSED without prejudice**.  Plaintiff may file a First Amended Complaint on or before **January 2, 2024**, if he wishes to proceed with his claim(s) in this case.  Should he decide to do so, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and list this case number on the first page (No. 23-cv-1115-SMY).  Plaintiff should identify each defendant in the case caption and also include sufficient allegations against each one to describe what the defendant did to violate his rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint.  The First Amended Complaint must stand on its own, without reference to any previous pleading, and it will be subject to review under 28 U.S.C. § 1915A.

Plaintiff is **WARNED** that if he fails to file a First Amended Complaint consistent with the deadline and instructions herein, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.  The

dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any address change; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**To facilitate Plaintiff's compliance with this Order, the Clerk is DIRECTED to mail Plaintiff a civil rights complaint form, along with this Order.**

**IT IS SO ORDERED.**

**DATED:    December 4, 2023**                    *s/ Staci M. Yandle*
                                                   **STACI M. YANDLE**
                                                   **United States District Judge**